UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THE PEOPLE OF THE STATE OF NEW YORK,
Fictitious Plaintiff; and TOWN OF LLOYD
COURT, Fictitious Plaintiff,

                     Plaintiffs,

v.                                                             1:09-CV-0681
                                                           (GTS/DRH)

ED PARENTEAU, Alleged Defendant; ED-
GEORGE, for the Family-Parenteau,
Steward for the Trustee,

                     Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

ED PARENTEAU a/k/a "ed-george"
  Defendant, *Pro Se*
General Post-Office
Kearny, NJ 07032

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently pending before the Court in this alleged civil rights action, which was removed from state court by Ed Parenteau a/k/a "ed-george" ("Defendant"), is a Report-Recommendation by Magistrate Judge David R. Homer recommending that Defendant's notice of removal be dismissed, and that the action be remanded to state court. (Dkt. No. 5.) Defendant has filed a timely Objection to the Report-Recommendation. (Dkt. Nos. 6, 7.) For the reasons stated below, the Court adopts the Report-Recommendation as modified, and remands this matter to state court.

**I.     STANDARD OF REVIEW**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

**II.    ANALYSIS**

Familiarity with the grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order, and only those facts necessary to the discussion will be set forth herein.

In his Objections to the Report-Recommendation, Defendant attempts to cure two of the deficiencies in the removal process identified in the Report-Recommendation by attaching (1) a copy of the complaint in the action removed from state court (dated March 4, 2009), and (2) an amended notice of removal.  (Dkt. No. 7 at 3.)  It appears that the amended notice of removal (filed on July 10, 2009) was filed within the thirty (30) day deadline for amended notices of removal established by 28 U.S.C. § 1446(b).  However, it is questionable whether the original notice of removal (filed on June 15, 2009) was filed within thirty (30) days of Defendant's arraignment in state court, as required by 28 U.S.C. § 1446(c)(1).

In any event, the larger problem with Defendant's removal of this action is that neither the filing of the amended notice of removal nor the attachment of the complaint in the underlying action cures the deficiency in the removal process.  Contrary to Defendant's characterization of the underlying action as a "civil rights action," the underlying action is, in fact, a criminal prosecution for false personation, pursuant to New York Penal Law § 190.23 (a Class A Misdemeanor), pending in New York State Justice Court for the Town of Lloyd (Case # 2009-1072), arising from his responses to questions from a town police officer in Highland, New York, on March 4, 2009.  (Dkt. No. 7 at 3.)  Of course, criminal prosecutions can be removed to federal court.  28 U.S.C. 1446(c).  However, as set forth in Section 1446(c), a district court has the authority "to conclude, on the face of the notice for removal, that removal should not be permitted . . . ."  *New York v. Soms*, 01-CV-5062, 2001 WL 699059, at *1 (S.D.N.Y. June 20,

3

2001).

More specifically, "Section 1446 of Title 28 details the procedure by which a defendant may seek to remove a civil action or criminal prosecution from State court." *Brody v. New York State Div. of Parole*, 89-CV-0987, 1989 WL 87003, at *1 (E.D.N.Y. July 25, 1989). "A successful petition for removal . . . must allege a proper basis for removal under [S]ections 1441 through 1445 of Title 28." *Brody*, 1989 WL 87003, at *1. It should be noted that the Eastern District of New York found that Section 1443(1) was "the only possible basis for removal of petitioner's case," because "Section 1441 applies to civil actions only[,] . . . [S]ections 1442 and 1442a apply only to criminal prosecutions involving federal officials, of which petitioner [was] not one[,] . . . [S]ection 1445 applies to foreclosures against the United States," and Section 1444 applies only to actions action brought under Section 2410 of Title 28 (which was not relevant to the action). *Id.*[3] The Eastern District explained that Section 1443(1) "allows removal of criminal prosecutions commenced in State court against any person who is denied or cannot enforce in the State courts a right under any law providing for the equal civil rights of citizens of the United States." *Id*. (citation omitted). The Eastern District also explained that, "[i]n *Georgia v. Rachel*, 384 U.S. 791 (1966), the [Supreme] Court held that the right allegedly denied must arise under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id*. (citing *Rachel*, 384 U.S. at 795).

Here, as in *Brody*, Defendant "does not allege that he is a member of a racial minority, nor that he was engaged in any form of civil rights activity" when he was arrested for false

---

[3] As noted in *Brody*, "Subsection (2) of [S]ection 1443 has been construed to apply only to federal officers and persons assisting federal officers in performance of their official duties." *Brody*, 1989 WL 87003, at *1, n.1 (citation omitted).

personation. *Id*. Moreover, "[h]e does not claim that any federal statute specifically precludes New York from prosecuting him for [false personation]." *Id*.; *see also Soms*, 2001 WL 699059, at *1 (where petitioner's "notice of removal does not reflect the grounds under which he seeks to remove this action," with the notice of removal instead making only an unsubstantiated, "conclusory assertion that his rights under [certain federal statutes] have been violated," remand to state court is appropriate).

Rather, the bases for Defendant's removal in this action are as follows: (1) the State of New York ("the State") had no authority to charge him with criminal personation because both the State and his name "Ed Parenteau" are "frauds" and/or "fictions"; (2) the State never served "ed-george" with a "Verified, Valid [and] Lawful" criminal complaint; (3) the prosecutor never produced "a real party in interest or a damaged party," only the "fiction[al]" State of New York; and (4) the judge presiding over the underlying action lacks jurisdiction over Defendant's criminal prosecution because the State is a "non-existent party" and "a fraud," and because the action has ended due to the prosecutor's failure to prosecute it. (Dkt. No. 1, Part 1; Dkt. No. 7 at 1-2.)[4]

Under the circumstances, even if the Court were to find that Defendant filed his original notice of removal in a timely manner, the Court finds that the face of the amended notice of

---

[4] The Court notes that Defendant appears to also allege that the statements he made to the town police officer bore some relation to a Fidelity Investments "income replacement fund" and/or municipal money market fund. (Dkt. No. 1, Part 1, ¶ 1; Dkt. No. 7 at 4.) In the interest of brevity, the Court will set aside the issue of whether Plaintiff's inference that he had any interest to these funds contradicted his sworn assertion in his *in forma pauperis* application that he does not own any stocks, bonds, securities, financial instrument or other assets. (Dkt. No. 2, ¶ 5.)

removal, and exhibits thereto, clearly indicates that removal should not be permitted.  Indeed, the Court finds that Defendant's asserted grounds for removal appear so lacking in merit arguable bases in either law or fact as to be frivolous.[5]  The Court notes that a magistrate judge in this District previously rejected as delusional a claim similar to Defendant's claim that his name is not "Ed Parenteau" but "ed-george: for the family parenetau."  *See U.S. v. Patterson*, 04-CR-0030, Order (N.D.N.Y. Nov. 18, 2004) (Lowe, M.J.) (concluding there was reasonable cause to believe defendant, named Richard Graham Patterson, may be suffering from mental illness, sufficient to warrant competency examination, based in part on defendant's "irrational submissions" to the court, which included documents signed, "Richard Graham: family of Patterson").[6]

As a result, even considering Defendant's amended notice of removal (submitted for the first time during his Objections to Magistrate Judge Homer's Report-Recommendation), the Court adopts that Report-Recommendation on *de novo* review.  The Court notes that, because Defendant has already amended his notice of removal, and because the grounds asserted in his amended notice of removal are frivolous, no further amendment (or hearing) is necessary.

**ACCORDINGLY**, it is

---

[5]  *See also Neitzke v. Williams*, 490 U.S. 319, 328 (1989), *accord*, *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Henderson v. Clover Field*, 08-CV-0504, 2008 WL 2405705 (N.D.N.Y. June 11, 2008) (McCurn, J., adopting Report-Recommendation of Lowe, M.J.); *Mercier v. Mercier*, 07-CV-0523, 2007 WL 1582267, at *1-2 (N.D.N.Y. May 25, 2007) (Kahn, J.).

[6]  The Court notes also that a magistrate judge in this District also previously rejected a tactic similar to Defendant's tactic of rejecting service of the Court's Orders by writing "VOID" on them and denying his name is "Ed Parenteau."  (Dkt. No. 4 at 1; Dkt. No. 7 at 13.) *See Henderson v. Clover Field*, 08-CV-0504, Order (N.D.N.Y. Aug. 27, 2008) (Lowe, M.J.) (rejecting for filing documents submitted by *pro se* plaintiff, named Shawndell Lamar Henderson, who had annotated Court's Orders by writing word "VOID" on them and asserting that his name "Shawn Henderson" was a "straw man").

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** as modified by the Court's consideration of Defendant's amended notice of removal; and it is further

**ORDERED** that Petitioner's notice of removal (Dkt. No. 1), as amended by Petitioner's amended notice of removal (Dkt. No. 7), is **DISMISSED** and this matter is **REMANDED** to the state court in which the proceeding was commenced.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from the Court's Decision and Order in this action would not be taken in good faith.

Dated: July 28, 2009
Syracuse, New York

*[Signature]*
Hon. Glenn T. Suddaby
U.S. District Judge